IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEWITT NKUMBA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3716-S-BN |
| | § | |
| GM FINANCIAL, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff DeWitt Nkumba filed a *pro se* Complaint for Employment Discrimination in state court in Dallas County on November 18, 2020, alleging that, from June 2019 through December 2019, his employer, identified as GM Financial, discriminated against him based on his race, color, national origin, and age. *See generally* Dkt. No. 2-4; *see also id.* at 13 (alleging that "GM Financial failed in complying with applicable Federal and State Laws and Regulations such as U.S. Equal Employment Opportunity, Equal Pay Act of 1963, Age Discrimination in Employment Act of 1967").

Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial (GM Financial), incorrectly named in the state court petition, was served on November 24, 2020, *see* Dkt. No. 2-6, and, on December 20, 2020, GM Financial moved in the state court to transfer venue to Tarrant County and answered subject to its motion to transfer venue, *see* Dkt. No. 2-7. GM Financial then removed this action to federal court on December 23, 2020. *See* Dkt. No. 2. And this case has been referred to the undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

> Federal Rule of Civil Procedure 81(c)
>
> expressly states that "[a]fter removal, repleading is unnecessary unless the court orders it." This Rule also provides specific guidelines for filing answers or "other defenses" when the defendant did not do so before removal. *Id.* ("A defendant who did not answer before removal must answer or present other defenses or objections under these rules...."). The obvious implication of this language is that a party need not refile pending state motions in the federal court.

*McCray v. Ardelle Assocs. Inc.*, No. 4:14cv158, 2015 WL 3886318, at *3 (E.D. Va. June 23, 2015) (quoting FED. R. CIV. P. 81(c)).

The Court may therefore consider GM Financial's motion to transfer venue filed in state court prior to removal. And, because the Court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Empty Barge Lines II, Inc. v. DREDGE LEONARD FISHER*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases), Nkumba is not prejudiced by the Court's considering a venue transfer prior to his filing a response to the motion.

But the Court first observes that Nkumba's filing his lawsuit in state court in Dallas County required that GM Financial remove his case to the Dallas Division of this district, even though GM Financial does not believe that venue is proper in Dallas County. "A defendant who wants to remove a civil action from a state court to a federal district court must 'file in the district court of the United States for the district and *division* within which such action is pending a notice of removal.'"

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644 (5th Cir. 1994) (quoting 28 U.S.C. § 1446(a)). Indeed, the general venue statute, 28 U.S.C. § 1391 "has no application to a removed action. Venue of removed actions is governed by 28 U.S.C. § 1441(a)." *Mello Hielo Ice, Ltd. v. Ice Cold Vending, LLC*, No. 4:11-cv-629-A, 2012 WL 104980, at *6 (N.D. Tex. Jan. 11, 2012) (citing *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953)); *accord Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 51-52 (5th Cir. 2012) (per curiam).

But "the fact that venue is proper in the [Dallas Division of the] Northern District of Texas does not foreclose [GM Financial] from arguing that this case should be transferred to the" Fort Worth Division of this district, within which lies Tarrant County. *Quality Custom Rail & Metal, LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 3:13-cv-3587-D, 2014 WL 840046, at *2 (N.D. Tex. Mar. 4, 2014) (discussing the interplay between 28 U.S.C. §§ 1404(a) and 1406(a) as explained in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 59-60 (2013)).

Employment discrimination actions asserting a violation of federal law based on race, color, and national origin implicate Title VII of the Civil Rights Act of 1964, which contains special venue provisions that "displace[] the general rules for venue." *Dabney v. A&R Logistics, Inc.*, Civ. A. No. 14-788-BAJ-RLB, 2015 WL 4210988, at *2 (M.D. La. July 10, 2015) (citing 42 U.S.C. § 2000e-5(f)(3); *In re Horseshoe Entm't*, 337 F.3d 429, 432-33 (5th Cir. 2003)); *accord Pinson v. Rumsfeld*, 192 F. App'x 811, 817

(11th Cir. 2006) (per curiam) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and ... the more general provisions of [28 U.S.C.] § 1391 are not controlling in such cases." (cited in *Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.3 (5th Cir. 2013) (per curiam))).

> Section 2000e-5(f)(3) provides that
>
> [e]ach United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

*Id.*

While other federal antidiscrimination laws, such as the Americans with Disabilities Act (the ADA) incorporate Title VII's venue provisions, *see, e.g.*, *Beavers v. Express Jet Holdings, Inc.*, 421 F. Supp. 2d 994, 996 (E.D. Tex. 2005) ("The [ADA] incorporates by reference the special venue provisions that Congress enacted for Title VII employment discrimination actions." (citing 42 U.S.C. § 12117)), Nkumba also specifically alleges a violation of, among other laws, the Age Discrimination in Employment Act of 1967 (the ADEA), *see* Dkt. No. 2-4 at 13, a federal statute that

does not utilize Title VII's venue provisions, *see, e.g., Clark v. Am. Airlines*, No. 3:19-cv-97-L-BH, 2019 WL 3006545, at *2 (N.D. Tex. July 9, 2019) (Plaintiff "also sues under the ADEA, to which the general federal venue statute, 28 U.S.C. § 1391, applies." (citing *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994))).

Section 1391(b) provides that venue is proper in the judicial district: (1) where the defendant resides; (2) where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district where the action may otherwise be brought, in any judicial district in which any defendant is subject to personal jurisdiction.

Under either provision, however, venue is not proper in Dallas Division. As GM Financial explains in its motion to transfer venue, its "principal office is in Tarrant County, and Tarrant County is where all or a substantial part of the alleged events or omissions giving ruse to [Nkumba's claims] occurred." Dkt. No. 2-7 at 1; *see id.* at 2 ("GM Financial hired Plaintiff in 2015, as a Loss Mitigation Account Representative; in that role Plaintiff worked at GM Financial's Arlington Operations Center II (AOC II) located at 4000 Embarcadero Dr, Arlington, TX 76014. From approximately July 9, 2018 through the date of his resignation, Plaintiff worked as a Funding Specialist at GM Financial's Arlington Operations Center III (AOC III), located at 3801 S. Collins Street, Arlington, Texas 76014. Both the AOC II and the AOC III are located in Tarrant County. The managers and the human resources personnel Plaintiff complains of likewise work or worked in Tarrant County. Thus,

the alleged acts and omissions Plaintiff complains of in his Petition occurred entirely or substantially in Tarrant County. As such, the events giving rise to Plaintiff"s claims did not occur in whole or in part in Dallas County, but rather in Tarrant County.").

The Court may transfer a case to any proper judicial district <u>or division</u> "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), and it may transfer a case filed in the wrong district <u>or division</u> "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a); *see also Horseshoe Entm't*, 337 F.3d at 433 ("[T]he last sentence of [Title VII's] special venue provision makes express cross-reference to §§ 1404 and 1406 of Title 28 indicating clearly Congress' intention that the provisions of §§ 1404 and 1406 would also be applicable in [such a] case.").

As this lawsuit concerns unlawful employment practice alleged to have been committed in Tarrant County, which lies within the Fort Worth Division of this district, *see* 28 U.S.C. § 124(a)(2), this action will be transferred there under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1391(b), and the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6 on **January 19, 2021** to allow any party to file an objection to the presiding district judge within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

If an objection is filed, the transfer of this case is stayed pending further order

of the Court.

SO ORDERED.

DATED: December 29, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE